Mr. Justice Nott,
who delivered the opinion of the Court, said, “no inference, unfavorable to the plaintiff’s claim, can be drawn from the capriciousness and versatility of the father’s character ; for so far as regarded these negroes, he had been uniform in his declarations. He had never given them to other persons, nor manifested any intention to do so, until ho gave them, by will, to defendant. But even if he had, having once disposed of them, they were beyond his control. If he had done injustice to others of his children, by taking from them property which he had given them, it did not authorize him to do so to this one also. Neither was the plaintiff bound to yield to his capricious humors, because others ^ad. Parents are not to be indulged in *wantonly sporting with the interest and feelings of their children, more than they are with those of other persons.
It was contended, that there was no evidence of a delivery of the property. That a delivery is necessary to perfect a parol gift of a chattel, is distinctly admitted; without it there is no gift. When, therefore, the old man said he had given the property to his daughter, he must be understood to have done it with all the solemnities necessary to constitute a gift, and the subsequent possession, with his consent, was sufficient evidence of delivery.” “As to the condition annexed to the delivery of the property at the time they went to housekeeping, it would be sufficient to remark, that if it had been unconditionally given before, it was not in the power of the donor to annex any qualifications at that time. And although it is not necessary, after the observations made on the other parts of the testimony, to dwell upon this, yet I would observe, that it is somewhat difficult to' reconcile such a disposition of property with the idea of a loan. Not only the negroes, but every article of furniture necessary for housekeeping, was given or lent upon the same terms and conditions. The purposes for which many of the articles were given, and the uses to which they must have been applied, were inconsistent with the nature of a loan. I believe Sir William Jones, w-ith all his learning, would have found it difficult to determine under which species of bailment such a loan should be classed. It is not to be believed that the parent intended to re-claim the bed upon which they slept, or to demand payment for every plate or cup that might be broken. If a gift of property to a son or daughter, on their marriage, (which may be literally considered in consideration of marriage,) to be taken back at any indefinite period of time, at the capricious and arbitrary will of a parent, can in any case be viewed as a loan, I certainly think it a kind of loan not much to be encouraged.”
The verdict, which was for the defendant, was set aside, and a new trial granted to the plaintiff.
Justices Grihke, Coecock, Cheves and Gahtt, concurring.
S. C. 1 Brev. 371.